UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCES HOFFNAGLE, et al.<br>   *Plaintiffs*,<br><br>v.<br><br>CONNECTICUT WATER CO.,<br>   *Defendant*. | 3:23-CV-1489 (OAW) |

## ORDER REMANDING ACTION TO STATE COURT

**THIS ACTION** is before the court upon Plaintiffs' Motion to Remand to State Court ("Motion"). *See* ECF No. 12. The court has reviewed the Motion, Defendant's opposition thereto, ECF No. 15, Plaintiff's reply in support of the Motion, ECF No. 16, all supplemental notices, ECF Nos. 17–19 and 20–22, and the record in this case and is thoroughly advised in the premises. For the reasons discussed herein, the Motion is **GRANTED.**

### I. BACKGROUND

Plaintiffs originally brought this purported class action against Defendant in state court. *See generally* ECF No. 1. They assert that Defendant, a utility company that operates multiple public water supply systems in Connecticut, knowingly supplies consumers with water contaminated by perfluorinated alkylated substances, commonly known as "PFAS," in concentrations severe enough to be dangerous to human health. *Id.* Plaintiffs allege that Defendant has not taken adequate measures to remove these contaminants, despite the availability of effective treatments. *Id.*

Plaintiffs asserted only state-law claims pursuant to Connecticut statutes governing products liability and unfair trade practices, but Defendant timely removed the action, arguing that federal courts have jurisdiction over this case because there is a federal question necessarily embedded in the claims Plaintiffs assert. Plaintiffs now seek to remand the action.[1]

## II.  **LEGAL STANDARD**

It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is absent. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011). The party seeking to bring a case in federal court has the burden of showing that there is federal subject matter jurisdiction. *Cloister E., Inc. v. New York State Liquor Auth.*, 563 F. Supp. 3d 90, 102 (S.D.N.Y. 2021) (quoting *Shenandoah v. Halbritter*, 366 F.3d 89, 91 (2d Cir. 2004)).

While a plaintiff generally is entitled to bring their case in the court of their choosing, statute gives a defendant the ability to remove a case from state court to federal court if the plaintiff could have brought the case in federal court. 28 U.S.C. § 1441. Whether a state action may be removed to federal court generally requires looking to the "well-pleaded complaint" to determine whether a plaintiff's statement of a cause of action shows that a claim is based upon federal law. *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010). However, a plaintiff may not seek to evade federal jurisdiction through artful drafting of the complaint. Accordingly, a case may be removed even if the complaint itself

---

[1] Defendant also argued that this case is sufficiently similar to a pending multi-district litigation ("MDL") such that it ought to be transferred to the court handling that MDL, but Defendant since has sought to join that MDL and was denied transfer. That argument therefore is mooted.

does not relate to federal law, but the claims nonetheless arise under federal law. *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014).  Under this principal, removal may be appropriate in cases where a federal issue is embedded in a state-law claim.  *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005).

Removal under this exception to the well-pleaded complaint rule is only proper in "exceedingly rare" cases, though.  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  And "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Read v. Nationwide Mut. Ins. Co.*, No. CIVA 306CV-00514 JCH, 2006 WL 2621652, at *1 (D. Conn. Sept. 13, 2006) (quoting *Lupo v. Human Affairs Intern., Inc* ., 28 F.3d 269, 274 (2d Cir.1994)).

### III.  DISCUSSION

It is Defendant's burden to justify its removal of this action, and in order to do that, Defendant must show that there is a federal issue embedded within Plaintiffs' claims that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1020 (2d Cir. 2014) (quoting *Gunn*, 568 U.S. at 258).  Defendant asserts that it has carried its burden because the Environmental Protection Agency ("EPA") regulates drinking water pursuant to the Safe Drinking Water Act ("SDWA"), and therefore resolution of Plaintiffs' claims

necessitates analysis of federal statutes and regulations. Moreover, Defendant argues that the EPA *does not regulate* PFAS in water supplied by utilities companies, and so the actual dispute here is a lawsuit against Defendant for *complying* with federal regulations. Thus, according to Defendant, the federal issue actually is disputed and substantial. Finally, Defendant asserts that this federal court can hear this dispute without disrupting traditional principles of comity. Plaintiffs disagree on each point.

Defendant's argument is fatally flawed in several respects. First, it is unclear which federal issue must be resolved in considering Plaintiffs' claims. Defendant appears to assert that it can only be liable to consumers for providing contaminated water under the SDWA. This, though, is a preemption argument, not a federal issue argument. To accept Defendant's position would amount to finding that no individual ever can bring a state-law products liability claim against a water utility, which is tantamount to finding that the SDWA completely preempts state water regulations. But the SDWA explicitly *allows* states to regulate drinking water. 42 U.S.C.A. § 300g-3 ("Nothing in this subchapter shall diminish any authority of a State or political subdivision to adopt or enforce any law or regulation respecting drinking water regulations or public water systems . . . ."). Moreover, Defendant concedes that there are *no* relevant federal regulations applicable to it.[2] Thus, the federal issue appears to be that there is, in fact, no federal issue.

Assuming arguendo there is a federal issue at play, Defendant fails to satisfy the four-part jurisdictional test. The SDWA is not necessarily raised, nor is any portion thereof actually in dispute. To the contrary, Plaintiffs do not contradict Defendant's assertion that

---

[2] Although the EPA recently has published Maximum Contaminant Levels for PFAS (that is, a federal determination of the allowable concentration of PFAS in drinking water), Defendant points out that the final rule explicitly excludes utility companies from the scope of enforcement.

4

the SDWA does not regulate its provision of drinking water.  One assumes that this fact is a significant reason why Plaintiffs are suing under state law instead, which Plaintiffs argue imposes a duty upon Defendant where federal law does not.  Indeed, Plaintiffs' claims might be litigated entirely without reference to the SDWA.  Defendant's compliance therewith is but a possible defense to Plaintiffs' claims, and it is well-settled that a potential defense to state-law claims generally is insufficient to support removal.  *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).  For these same reasons, the federal issue clearly is not substantial, and may be entirely excised from the case and still leave Plaintiffs' claims intact.  Accordingly, the court must agree with Plaintiffs that federal jurisdiction is lacking.

However, the court disagrees with Plaintiffs that sanctions are warranted under 28 U.S.C. § 1447(c).  Given the similarities between this case and the ongoing MDL (in which Defendant already is participating as a plaintiff in an action against the manufacturers whose activities led to the contamination in the first place), the court declines to award Plaintiffs attorneys' fees.  This is not a case where there was no reasonable basis upon which to seek removal, and thus an award of fees is inappropriate.

As this ruling addresses the concerns that the parties wished to bring to the court in a status conference, the motion seeking such an audience is mooted.

### IV. <u>CONCLUSION</u>

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion to Remand, ECF No. 12, is **GRANTED.**

    a. This action hereby is **REMANDED** to state court for lack of subject matter jurisdiction.

    b. The Clerk of Court is asked, respectfully, to remand and close this case.

2. The Motion for Status Conference, ECF No. 23, is **DENIED as moot.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 25th day of September, 2024.

                                /s/
                          OMAR A. WILLIAMS
                          UNITED STATES DISTRICT JUDGE